UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**UNITED STATES OF AMERICA**

**VS.**                                                                    CASE NO: 5:19-cr-21-Oc-28PRL

**MARLIN JARAY JAMES**

### ORDER

Defendant James' Motion for Compassionate Release (Doc. 41) is before the Court for consideration. The Government opposes the requested relief. (Doc. 43). Because Defendant failed to exhaust his administrative remedies, the motion is due to be denied.

After Defendant entered a plea, the Court sentenced him on February 21, 2020 to 48 months imprisonment, followed by three years of supervised release for possession with intent to distribute 50 grams or more of methamphetamine in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(A) and 18 U.S.C. § 2. (Docs. 24, 37, 38). Defendant's projected release date is January 21, 2023. (Doc. 43).

The authority of a district court to modify a sentence is narrowly limited by 18 U.S.C. § 3582(c). *United States v. Phillips,* 597 F.3d 1190, 1194-95 (11th Cir. 2010). Under 18 U.S.C. § 3582(c)(1)(A), as amended by Section 603(b) of the First Step Act, the Court may act "upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."

Defendant makes no mention, and provides no proof, of having requested relief from the warden of his facility for compassionate relief. (Doc. 41). The Administrative Remedies

Log from FCI Jesup, where Defendant is housed, shows no such request was made. (Doc. 43-1). Defendant has thus failed to exhaust his administrative remedies.

The failure to exhaust administrative remedies within the BOP is fatal to a defendant's motion for compassionate release. *United States v. Raia*, 954 F. 3d 594, 597 (3d Cir. 2020). ("Given BOP's shared desire for a safe and healthy prison environment, we conclude that strict compliance with § 3582(c)(1)(A)'s exhaustion requirement takes on added—and critical—importance."); *see also United States v. Estrada Elias*, No. 6: 06-096-DCR, 2019 WL 2193856, at *2 (E.D. Ky. May 21, 2019); *accord United States v. Elgin*, Case No. 2:14-cr-129- JVB-JEM, 2019 U.S. Dist. LEXIS 86571, *2–3 (N.D. Ind. May 23, 2019); *cf. United States v. Leverette*, 721 F. App'x 916, 917 (11th Cir. 2018) (exhaustion of BOP remedies is requisite for judicial review under 28 U.S.C. § 2241).

Defendant's motion for compassionate release (Doc. 41) is **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida on December 29ᵗʰ, 2020.

JOHN ANTOON II
United States District Judge

Copies furnished to:
United States Attorney
United States Probation Office
Marlin Jaray James